UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/2/09

---

ROBERT CASSIAN ANDERSON and
RODNEY ANDERSON,

          Plaintiffs,

- against –

AT&T CORP. and C. MICHAEL ARMSTRONG,

          Defendants.

---

STIPULATION AND PROPOSED
PROTECTIVE ORDER

07 Civ. 5913 (MGC)

---

Good cause appearing therefor, the following stipulation of the parties in this matter, as evidenced by the signatures of counsel of record appearing below, is hereby ordered subject to modification by the Court as the interest of justice requires.

DATE: June 1, 2009

_____
Honorable Miriam Goldman Cedarbaum
United States District Court Judge

\*    \*    \*    \*    \*    \*    \*

## STIPULATED TERMS OF PROTECTIVE ORDER

WHEREAS, on April 27, 2001, Plaintiffs R. Cassian Anderson and Rodney Anderson ("Plaintiffs") filed a complaint against AT&T Corp., C. Michael Armstrong and Charles H. Noski in the Eastern District of New York under Case No. 01 Civ. 2610 (the "Prior Anderson Action");

WHEREAS, the Judicial Panel on Multidistrict Litigation thereafter transferred Case No. 01 Civ. 2610 to the District of New Jersey where it was docketed under Case No. 01-CV-2824 and coordinated for pre-trial proceedings with two other related actions: the "Wireless IPO Action," docketed in that district under Case No. 01-CV-1883; and the "AT&T Corp. Action," docketed in that district under Case No. 01-CV-5364;

WHEREAS, on August 27, 2002 Magistrate Judge John J. Hughes of the United States District Court of the District of New Jersey on August 27, 2002 entered a Protective Order in *In re AT&T Securities Litigation*, MDL No. 1399, Civ. Act. No. 3:01cv1883 governing the Prior Anderson Action, the Wireless IPO Action, and the AT&T Corp. Action ("MDL Protective Order," attached as Exhibit A);

WHEREAS, on December 22, 2003, the District of New Jersey entered a stipulation of voluntary dismissal without prejudice in the Prior Anderson Action pursuant to which it was agreed that plaintiffs could refile the action only in the Southern District of New York; and upon refiling, plaintiffs could only file a pleading identical in form and substance to the Complaint in the Prior Anderson Action, and defendants were to respond with answers identical in form and substance to their prior answers;

WHEREAS, on June 21, 2007, Plaintiffs filed the current Complaint, which is identical in form and substance to the Complaint in the Prior Anderson Action; and

WHEREAS the parties have abided and will continue to abide by the terms and conditions of the MDL Protective Order and wish to affirm that those terms and conditions will apply to this Action.

IT IS HEREBY STIPULATED AND AGREED by the respective undersigned counsel for the plaintiffs and defendants listed on the signature pages hereto that the terms of the

MDL Protective Order has and will govern the disclosure and use by the undersigned parties of all documents, testimony, and other information designated "Confidential" or "Highly Confidential" which is produced or given by any person in the course of discovery or otherwise in this action. The parties hereby stipulate and agree that they have abided by and will continue to abide by the terms and conditions of the MDL Protective Order and that those terms and conditions will apply to this Action, subject to the following conditions:

1.     This Stipulation and Protective Order (the "Anderson Protective Order") adopts and incorporates the terms and conditions of the MDL Protective Order in full, except as specified in the following enumerated paragraphs.

2.     The Anderson Protective Order does not alter in any way the provisions of the MDL Protective Order or the rights, duties, and obligations of the original parties to the MDL Protective Order.

3.     All references to the "Court" in the MDL Protective Order shall be deemed to include the United States District Court for the Southern District of New York, which will have jurisdiction to enforce this Stipulation and Protective Order.

4.     The parties need not comply with New Jersey Local Rule 37.1 when seeking relief from the Court pursuant to paragraphs 14 and 15 of the MDL Protective Order. Requests for relief shall be filed in accordance with the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of New York, and the individual practices of this Court.

5.     Pursuant to Paragraph 9 of the MDL Protective Order, parties submitting Confidential or Highly Confidential information to the Court shall file such information under seal, and such information shall be kept under seal until further order of this Court. Filings

containing "Confidential" or "Highly Confidential" Information may be filed under seal in their

entirety. If a filing containing such material is not placed under seal in its entirety, those portions

containing "Confidential" or "Highly Confidential" Information must be separated from the

pleading and placed in an envelope bearing the caption of this case, the name of the filing, and

the legend "Filed Under Seal."

      6.     All persons who are required under paragraph 5 of the MDL Protective

Order to execute a sworn statement that they have read this Stipulation and Protective Order

before receiving "Confidential" or "Highly Confidential" information shall execute that

statement in the form attached hereto as Exhibit B.

DATED: *3/31/09*

                                    Attorneys for Plaintiffs Robert Cassian
                                      Anderson and Rodney Anderson

                                      *Daniel Hume/(NFL) WITH PERMISSION*

                                      Ira Press
                                      Daniel Hume
                                      KIRBY MCINERNEY, LLP
                                      830 Third Avenue, 10th Floor
                                      New York, NY 10022
                                      (212) 371-6600

DATED: _3/31/09_

Attorneys for Defendants AT&T Corp. and
C. Michael Armstrong

Nicholas K. Lagemann
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Charles W. Douglas
David F. Graham
Rachel Niewoehner
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

<u>**EXHIBIT A TO**</u>
<u>**STIPULATION AND PROTECTIVE ORDER**</u>

**August 27, 2002 Protective Order from**
*In re AT&T Securities Litigation*, MDL No. 1399, Civ. Act. No. 3:01cv1883 (D.N.J.)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ROBERT CASSIAN ANDERSON and RODNEY ANDERSON, | : |
| Plaintiffs, | : 07 Civ. 5913 (MGC) |
| - against – | : |
| AT&T CORP. and C. MICHAEL ARMSTRONG, | : |
| Defendants. | : |

## EXHIBIT B TO STIPULATION AND PROTECTIVE ORDER

### ACKNOWLEDGMENT

I hereby attest to my understanding that confidential information or documents, materials, or information are being provided to me pursuant to the terms and conditions of the Stipulation and Protective Order executed by the parties and entered by the Court in the above-captioned litigation. I hereby attest that I have been given a copy of and have read the Stipulation and Protective Order and that I hereby agree to be bound by it and its terms. I agree that I shall not disclose to others, except in accordance with the terms of the Stipulation and Protective Order, such confidential documents, materials, or information. I further agree that the United States District Court for the Southern District of New York has jurisdiction to enforce the terms of the Stipulation and Protective Order, and I consent to jurisdiction of that Court over my person for that purpose.

If I am signing on behalf of a firm of court reporters, videographers, or litigation support vendors, I further state that I have authority to sign on behalf of my firm, and that I will make sure that all firm personnel who work on this litigation are made aware of this Stipulation and Protective Order and the firm's responsibilities hereunder.

Signature: _____

Name (type or print): _____
Position: _____
Firm: _____
Address: _____
Telephone Number: _____
Date: _____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/09

*Cedarbaum*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNIVEST NETWORK, LLC, | Case No. 04-CV-9868 |
| Plaintiff, | Honorable Miriam Goldman Cedarbaum |
| v. | |
| AT&T CORPORATION, C. MICHAEL ARMSTRONG, CHARLES H. NOSKI, JOHN ZEGLIS, RICHARD ROSCITT, GOLDMAN, SACHS & CO., MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, and SALOMON SMITH BARNEY, INC., | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| Defendants. | |

Good cause appearing therefor, the following stipulation of the parties in this matter, as

evidenced by the signatures of counsel of record appearing below, is hereby ordered *subject to modification by the court as the interest of justice requires*

DATE: *March 30, 2005*

_____
Honorable Miriam Goldman Cedarbaum
United States District Court Judge

* * * * * * *

### STIPULATED TERMS OF PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY STIPULATED AND AGREED by the

respective undersigned counsel for the plaintiff and defendants listed on the signature pages

hereto that the terms of the Protective Order entered by Magistrate Judge John J. Hughes of the

United States District Court of the District of New Jersey on August 27, 2002 in *In re AT&T*

*Securities Litigation*, MDL No. 1399, Civ. Act. No. 3:01cv1883 ("MDL Protective Order,"

attached as Exhibit A) will govern the disclosure and use by the undersigned parties of all

documents, testimony, and other information designated "Confidential" or "Highly Confidential" which is produced or given by any person in the course of discovery or otherwise in this action. The parties hereby stipulate and agree to abide by the terms and conditions of the MDL Protective Order and incorporate its terms and conditions into this Stipulation and Protective Order, subject to the following conditions:

1.      This Stipulation and Protective Order (the "Univest Protective Order") adopts and incorporates the terms and conditions of the MDL Protective Order in full, except as specified in the following enumerated paragraphs.

2.      The Univest Protective Order does not alter in any way the provisions of the MDL Protective Order or the rights, duties, and obligations of the original parties to the MDL Protective Order.

3.      All references to "party" or "parties" in the MDL Protective Order shall be deemed to include the parties involved in this action. References to "plaintiffs" in the MDL Protective Order shall be deemed to include Plaintiff Univest Network, LLC, and references to "defendants" shall be deemed to include the defendants in this action (AT&T Corp., C. Michael Armstrong, Charles H. Noski, John D. Zeglis, Richard R. Roscitt, Goldman, Sachs & Co., Merrill Lynch, Pierce, Fenner & Smith, Inc., and Salomon Smith Barney, Inc.).

4.      All references to the "Court" in the MDL Protective Order shall be deemed to include the United States District Court for the Southern District of New York, which will have jurisdiction to enforce this Stipulation and Protective Order.

5.      Information designated as "Confidential" may be disclosed to the persons listed in Paragraph 3 of the MDL Protective Order. In addition, information designated as "Confidential" may be disclosed to (1) current employees and/or principals of Univest Network, LLC, its

2

subsidiaries, and its affiliates as reasonably necessary to assist in this litigation; and (2) current

employees of Goldman, Sachs & Co., Merrill Lynch, Pierce, Fenner & Smith, Inc., and Salomon

Smith Barney, Inc, their subsidiaries, and their affiliates as reasonably necessary to assist in this

litigation.  Information designated as "Highly Confidential" may only be disclosed to persons

listed in paragraph 4 of the MDL Protective Order.

6.      The parties need not comply with New Jersey Local Rule 37.1 when seeking

relief from the Court pursuant to paragraphs 14 and 15 of the MDL Protective Order.  Requests

for relief shall be filed in accordance with the Federal Rules of Civil Procedure, the Local Rules

for the United States District Court for the Southern District of New York, and the individual

practices of this Court.

7.      All persons who are required under paragraph 5 of the MDL Protective Order to

execute a sworn statement that they have read this Stipulation and Protective Order before

receiving "Confidential" or "Highly Confidential" information shall execute that statement in the

form attached hereto as Exhibit B.

8.      This Protective Order governs the parties' disclosure and use of material

designated as "Confidential" and "Highly Confidential" until and before any trial in this action,

and this Protective Order also governs the parties' disclosure and use of material designated as

"Confidential" and "Highly Confidential" after the conclusion of any trial in this action.  Before

any trial in this action, the parties agree to meet and confer about the use and disclosure of

material designated as "Confidential" and "Highly Confidential" during trial.

9.      A party providing written notice that it has inadvertently produced information

that it considers to be privileged pursuant to Paragraph 15(a) of the MDL Protective Order must

provide such notice within twenty-one (21) days of discovery by that party of the inadvertent

3

production, or before the close of discovery, whichever is later.  All other provisions of Paragraph 15 of the MDL Protective Order apply to this action, including the provision that a party that contests a notice of inadvertent production must bring the matter to the Court's attention within twenty-one (21) days after good faith efforts to resolve the dispute have failed.

Dated: March 28, 2005

LAW OFFICE OF CHRISTOPHER J. GRAY, P.C.

By: _____

Christopher J. Gray (CG 0334)
LAW OFFICE OF CHRISTOPHER J.
GRAY, P.C.
460 Park Avenue, 21st Floor
New York, New York 10022
(212) 838-3221

*Counsel for Plaintiff Univest Network, LLC*

4

Dated: March __, 2005                    SIDLEY AUSTIN BROWN & WOOD LLP

                                         By: _____
                                              Michael D. Warden (admitted *pro hac vice*)
                                              SIDLEY AUSTIN BROWN & WOOD LLP
                                              1501 K Street, NW
                                              Washington, DC 20005

                                              Alan M. Unger (AU-6747)
                                              Martin B. Jackson (MJ-6837)
                                              787 Seventh Avenue
                                              New York, New York 10019

                                              *Counsel for Defendants AT&T Corp., C.*
                                              *Michael Armstrong, Charles H. Noski, John*
                                              *Zeglis, and Richard Roscitt*

Dated: March 28, 2005                    PAUL, WEISS, RIFKIND, WHARTON &
                                         GARRISON LLP

                                         By: _____
                                              Richard A. Rosen (RR-5132)
                                              PAUL, WEISS, RIFKIND, WHARTON &
                                              GARRISON LLP
                                              1285 Avenue of the Americas
                                              New York, New York 10019-6064
                                              (212) 373-3000

                                              *Counsel for Defendants Goldman, Sachs &*
                                              *Co., Merrill Lynch, Pierce, Fenner & Smith,*
                                              *Inc., and Salomon Smith Barney, Inc.*

5

Dated: March 28, 2005

SIDLEY AUSTIN BROWN & WOOD LLP

By:

Michael D. Warden (admitted *pro hac vice*)
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, NW
Washington, DC 20005

Alan M. Unger (AU-6747)
Martin B. Jackson (MJ-6837)
787 Seventh Avenue
New York, New York 10019

*Counsel for Defendants AT&T Corp., C.
Michael Armstrong, Charles H. Noski, John
Zeglis, and Richard Roscitt*

Dated: March __, 2005

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By:

Richard A. Rosen (RR-5132)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

*Counsel for Defendants Goldman, Sachs &
Co., Merrill Lynch, Pierce, Fenner & Smith,
Inc., and Salomon Smith Barney, Inc.*

5

**EXHIBIT A TO**
**STIPULATION AND PROTECTIVE ORDER**

**August 27, 2002 Protective Order from**
*In re AT&T Securities Litigation*, MDL No. 1399, Civ. Act. No. 3:01cv1883 (D.N.J.)

FROM PITNEY HARDIN KIPP &SZUCH          8/28/02   2:21:  PAGE 003/20   RightFAX
(WED) 8. 28'02 14:59/ST. 14:55/NO. 4860127573 P  3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

AUG 27 2002

WILLIAM T. WALSH, CLERK

In re AT&T CORPORATION
SECURITIES LITIGATION

)
)
)
)
)
)
)
)
)
)
)
)
)
)

MDL No. 1399
Civil Action No. 3:01cv1883 (GEB)
Master File No. 3:00cv5364 (GEB)
Civil Action No. 3:01cv2824 (GEB)

CLASS ACTION

Judge Garrett E. Brown, Jr.
Magistrate Judge John J. Hughes

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

This Document Relates to:

ALL ACTIONS.

Good cause appearing therefore, the following stipulation of the parties in this matter, as

evidenced by the signatures of counsel of record appearing below, is hereby ordered.

DATE: _____

ORIGINAL FILED

AUG 27 2002

WILLIAM T. WALSH CLERK

Magistrate Judge John J. Hughes
United States District Court Judge

* * * * * * *

STIPULATED TERMS OF PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY STIPULATED AND AGREED by the

respective undersigned counsel for the plaintiffs and defendants listed on the signature pages

hereto that the following provisions shall govern disclosure and use by the undersigned parties of

all documents, testimony, and other information designated "Confidential" or "Highly

Confidential" which is produced or given by any person in the course of discovery in this action.

In addition, a single protective order governing the three cases (the "Wireless IPO Action," No.

01cv1883 (GEB); the "AT&T Corp. Action," No. 00cv5364 (GEB); and the "Anderson Action,"

No. 01sv2824 (GEB)) will facilitate coordination of discovery as contemplated in this Court's Pretrial Scheduling Order entered on April 18, 2002.

ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED that:

1.      The term "Information" as used herein shall include any document, deposition testimony, electronic data, interrogatory response, response to requests for admissions, or other information disclosed or produced by or on behalf of a party (or any of its attorneys or other agents), or by or on behalf of a non-party (or any of its attorneys or other agents), and all information derived therefrom.

2.      Information may be designated by the producing party as "Confidential" or "Highly Confidential" within the meaning of this Stipulation and Protective Order. The producing party shall designate Information "Confidential" or "Highly Confidential" only when the producing party has a reasonable, good faith belief that the Information so designated is confidential within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure and as further defined below.

(a)     "Confidential" Information includes trade secrets or other confidential research, development, commercial, or non-public financial subjects, including the following:

- Internal plans and analyses (such as, in the case of AT&T Corp. ("AT&T"), AT&T internal plans and analyses for various business units and/or the company as a whole);

- Strategic decisions (such as, in the case of AT&T, strategic decisions concerning the reorganization, sale, or spin off of various AT&T business units);

- Non-public financial information (such as, in the case of AT&T, non-public financial information including projections, budgets, cost data, profit data, and other financial performance data of AT&T, its various business units and its "Concert" joint venture with British Telecommunications plc ("BT"), including the impact of these business units on AT&T's performance);

2

- Material that is subject to an existing contractual agreement with another person or entity, which precludes public dissemination and which is not otherwise in the public domain;

- Non-public information relating to customers.

(b)  "Highly Confidential" Information is limited to the following:

- Internal personnel records (which include documents relating to employee hiring, performance, disciplinary action, termination, compensation, and/or benefits issues).

Any Information not designated as "Confidential" or "Highly Confidential" in accordance with the procedures set forth herein shall not be covered by this Stipulation and Protective Order.

3.      "Confidential" Information, except with the prior consent of the producing party or upon prior order of this Court, shall not be disclosed by any party to any person other than the following:

(a)      outside counsel for the parties in this litigation and their secretaries, legal assistants, or other support personnel as reasonably necessary to assist outside counsel in this litigation (collectively "Outside Litigation Counsel");

(b)      the following additional persons on behalf of the parties:

- for the Wireless IPO Action plaintiffs: Robert Alpert (on behalf of The Soft Drink and Brewery Workers Union Local #12 Retirement Fund), John Burkley, Chris Lometti (on behalf of the Detectives Endowment Association Annuity Fund and the Joint Industry-Engineers Union Local 30 Pension Fund), Carol P. Fisher, Gary Fruchter, Laurence Metzger, Laurence Paskowitz, Robert Robins, Ronald Scharf, Adele Selinger, and Barnett Stepak;

- for the AT&T Corp. Action plaintiffs: Ed Nielsen and John Dougherty (on behalf of the International Brotherhood of Electrical Workers Local 98 ("IBEW Local 98")), Robert Baker, Mohammed Karkanawi, Mauline Coon (f/k/a Mauline Karkanawi), and Andrei Olenicoff (on behalf of Secure Holdings, Inc.);

- for the Anderson Action plaintiffs: Robert Cassian Anderson and Rodney Anderson;

- for defendants: each individual defendant; and current employees of AT&T, its subsidiaries, and its affiliates as reasonably necessary to assist in this litigation;

3

   (c)    outside experts, consultants, and/or litigation support vendors who are not employees of any party and who are expressly retained to assist counsel of record for the parties, including, but not limited to, independent auditors, accountants, statisticians, economists and other experts, and the employees of such persons (collectively "Outside Litigation Assistants"); provided, however, that no representatives of the International Brotherhood of Electrical Workers or its parents, subsidiaries, or affiliates ("IBEW") may be retained as Outside Litigation Assistants;

   (d)    the Court, Court personnel, jurors, mediators, and arbitrators;

   (e)    court reporters and videographers who are retained to transcribe or videotape testimony in this action;

   (f)    any person who wrote or received the document designated "Confidential";

   (g)    any person being interviewed by a party who already possessed knowledge of the Confidential Information before being contacted by the party;

   (h)    defendants' insurers or their counsel; and

   (i)    during depositions only, a deposition witness who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "Confidential" or the specific events, transactions, discussions, or data reflected in the document.

   4.    "Highly Confidential" Information, except with the prior consent of the producing party or upon prior order of this Court, shall not be disclosed by any party to any person other than the following:

   (a)    Outside Litigation Counsel;

4

(b)   AT&T in-house counsel assisting with this litigation, and support personnel as
reasonably necessary to assist AT&T in-house counsel in this litigation;

(c)   Outside Litigation Assistants, subject to the same exclusion set forth in Paragraph
3(c) above;

(d)   the Court, Court personnel, jurors, mediators, and arbitrators;

(e)   court reporters and videographers who are retained to transcribe or videotape
testimony in this action;

(f)   any person who wrote or received the document designated "Highly
Confidential";

(g)   defendants' insurers or their counsel; and

(h)   during depositions only, a deposition witness who appears, based upon the
document itself or testimony in a deposition, to have knowledge of the contents of
the document designated "Highly Confidential" or the specific events,
transactions, discussions, or data reflected in the document.

5.    Any person entitled to receive "Confidential" Information pursuant to Paragraph
3, subparts (a), (b), (c), (e), or (g), or "Highly Confidential" Information pursuant to Paragraph 4,
subparts (a), (b), (c), or (e) shall, prior to being given any "Confidential" or "Highly
Confidential" Information, read this Stipulation and Protective Order, and shall execute a sworn
statement in the form annexed hereto as Exhibit A, indicating that he or she has read this
Stipulation and Protective Order and will abide by its terms. For a firm of court reporters,
videographers, or litigation support vendors, the requirements of the preceding sentence shall be
deemed satisfied for the firm and its personnel if one person with authority to do so executes the
sworn statement on behalf of the firm, provided that all firm personnel who work on this

5

litigation are made aware of this Stipulation and Protective Order and the firm's responsibilities

hereunder. The designating party shall use its best efforts to secure such sworn statements from

any mutually agreed-upon firm of court reporters, videographers, or litigation support vendors;

however, in all other instances, it shall be the responsibility of the party retaining the firm of

court reporters, videographers, or litigation support vendors to obtain the sworn statements.

Such sworn statements shall be retained by counsel disclosing the "Confidential" or "Highly

Confidential" Information and shall be made available for *in camera* inspection upon a showing

of good cause, except that statements of Outside Litigation Assistants shall not be made available

until such time as the party is obligated to identify such individuals. Persons to whom

"Confidential" or "Highly Confidential" Information is shown or disclosed pursuant to

Paragraph 3(f) or Paragraph 4(f) shall, prior to being given any "Confidential" or "Highly

Confidential" Information, be given a copy of and asked to read this Stipulation and Protective

Order and shall be bound by its terms, and shall not disclose such Information to any other

persons, except as provided for by the terms of this Stipulation and Protective Order.

     6.     Any person receiving "Confidential" or "Highly Confidential" Information shall

not disclose such Information to any person who is not entitled to receive such Information or

use such Information for any purpose other than the instant litigation.

     7.     A party shall designate documents as either "Confidential" or "Highly

Confidential" by affixing a stamp with such words on the document before copies of the

documents are delivered to another party.

     8.     Any deposition transcript or videotaped deposition containing "Confidential" or

"Highly Confidential" Information shall be marked on the cover "Confidential" or "Highly

Confidential" and shall indicate as appropriate within the transcript and on the videotape that the

Sidley          8/28/02     2:21:  PAGE 009/20   RightFAX
FROM PITNEY HARDIN KIPP ASZUCH          (WED) 8. 28' 02 15:00/ST. 14:55/NO. 4860127573 P  9

Information has been so designated.  A party may designate any portions of the transcript
(including exhibits) or videotape as containing "Confidential" or "Highly Confidential"
Information by so advising the deposition reporter in the course of the deposition, who shall
indicate in the deposition transcript and on the videotape what portion(s) of the testimony (or
exhibits thereto) were so designated, or by so advising all other parties which pages are
confidential within thirty (30) days after receipt by the designating party of the transcript.  Until
thirty (30) days have passed after the receipt of any transcript, the entire transcript and videotape
shall be deemed to contain "Highly Confidential" Information.  Nothing in this Stipulation and
Protective Order shall prevent an employee of a party or Outside Litigation Counsel from
attending any deposition, except that only persons entitled to receive "Confidential" or "Highly
Confidential" Information shall be present when such Information is disclosed at a deposition.
Counsel for the party disclosing such "Confidential" or "Highly Confidential" Information at a
deposition shall, before such Information is disclosed, advise counsel for all other parties so that
appropriate safeguards can be taken to ensure that only persons entitled to receive such
Information pursuant to the terms of this Stipulation and Protective Order are present when such
Information is disclosed.

      9.    In the event that counsel for any party decides to file with or submit to the Court
any "Confidential" or "Highly Confidential" Information, the following procedures shall be
used:

      (a)    All Information subject to confidential treatment in accordance with the terms of
this Stipulation and Order that is filed with the court and any pretrial pleading,
motions, or other papers filed with the Court disclosing any "Confidential" or

7

"Highly Confidential" Information shall be filed under seal and kept under seal until further order of this Court.

(b)   The parties agree to refrain, whenever possible, from including "Confidential" or "Highly Confidential" Information in the titles of the documents filed with the court so that, in all instances, the titles of the documents – and the court's docket sheet reflecting those titles – may remain public.

(c)   All filings to be filed under seal, in whole or in part, must be so designated by the party making the filing. Filings containing "Confidential" or "Highly Confidential" Information may be filed under seal in their entirety. If a filing containing such Information is not placed under seal in its entirety, those portions containing "Confidential" or "Highly Confidential" Information must be separated from the pleading and placed in an envelope bearing the caption of this case, the name of the filing, and the legend "Filed Under Seal."

10.   The use of any "Confidential" or "Highly Confidential" Information for the purpose of any trial or any hearing which is open to the public is not addressed at this time.

11.   Any producing party may give notice to any receiving party that it is eliminating a previous designation of a document or other Information as "Confidential" or "Highly Confidential." Any receiving party may request that a producing party eliminate such designation, in accordance with Paragraph 14 below. In the event that a "Confidential" or "Highly Confidential" designation is removed, if the Information is used as an exhibit at trial or otherwise displayed to the jury, all deposition statements and all markings indicating that the Information had previously been designated by the party as "Confidential" or "Highly Confidential" shall be removed (or edited, in the case of a videotaped deposition) prior to

8

offering the Information into evidence or displaying same to the jury, and no mention shall be made of the previous designation. The party requesting the elimination of the previous designation shall be responsible for eliminating that designation and shall fulfill this responsibility by providing a new, redesignated copy of the document or other Information. If any Information designated by a party as "Confidential" or "Highly Confidential" is used as an exhibit at trial or otherwise displayed to the jury, the producing party shall be entitled to add to the "Confidential" or "Highly Confidential" marking the following language: "Pursuant to the Protective Order Entered in This Case." A similar statement may be added to any deposition transcript or videotaped deposition. This paragraph is without prejudice to the right of any party to request, or of any other party to oppose, by motion *in limine* or otherwise, that the Court prohibit any party from displaying any markings indicating that a document or other Information had been designated by any party as "Confidential" or "Highly Confidential," or that the Court permit a party to add an explanation or that the Court give an appropriate instruction.

12.      Nothing herein shall impose any restriction on the use or disclosure by a party of its own Information. Nor shall this Stipulation and Protective Order be construed to prevent any party, its counsel, or its Outside Litigation Assistants from making use as they see fit of Information that was lawfully available to the public or lawfully in the possession of the party, its counsel, or its Outside Litigation Assistants, or that properly came into the possession of the party, its counsel, or its Outside Litigation Assistants independent of any disclosure of "Confidential" or "Highly Confidential" Information in this litigation, or that was obtained from a non-party in the course of this litigation and was not designated as "Confidential" or "Highly Confidential" by that non-party. In the event, however, that a non-party provides Information that was generated by a party to this Stipulation and Protective Order and that party believes that

9

the Information is proprietary and confidential, the party may request that all copies of such Information be stamped with whatever designation the party believes is appropriate within the provisions of this Stipulation and Protective Order *provided* that the non-party was acting within the scope of his or her employment or agency for the party when he or she obtained such Information from the party (or an affiliate or subsidiary thereof). If the parties to this Stipulation and Protective Order disagree concerning the proper designation of the Information, such dispute shall be resolved pursuant to the procedures described in Paragraph 14 of this Stipulation and Protective Order. Pending the Court's ruling, the party contesting the requested designation shall treat the Information as if the requested designation were proper and effective.

13.  Nothing contained in the Stipulation and Protective Order or any designation of confidentiality hereunder or any failure to make such designation shall be used or characterized by any party as an "admission" by a party or a party opponent. Nothing in this Stipulation and Protective Order shall be deemed an admission by plaintiffs that any particular Information described in paragraph 2 and/or designated by defendants or any third party as "Confidential" or "Highly Confidential" is entitled to protection under this Order, Rule 26(c)(7), or any other applicable law. Plaintiffs' rights to challenge the designation of any particular Information as "Confidential" or "Highly Confidential," whether or not within the scope of paragraph 2, are specifically reserved.

14.  Entry of this Stipulation and Protective Order shall be without prejudice to any motion for relief from or modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any document or other Information in the course of this action, provided, however, that no such motion shall be made after entry of a final judgment or settlement. If a party disagrees with a producing party's designation of Information as

10

FROM PITNEY HARDIN KIPP &SZUCH          (WED) 8. 28' 02 15:01/ST. 14:55/NO. 4860127573 P 13

"Confidential" or "Highly Confidential," or disputes the limitations on access to be accorded such Information under this Stipulation and Protective Order, such party shall provide to the producing party written notice of his disagreement and specifically identify the Information or restriction on access in dispute. If, despite good faith effort, the dispute cannot be resolved informally by the parties, the party contesting the designation or restriction on access may seek relief from the Court in accordance with Local Civil Rule 37.1. The party who designated the Information as "Confidential" or "Highly Confidential" shall bear the burden of demonstrating that the Information is entitled to protection from disclosure under applicable law. Pending the Court's ruling, the party contesting the designation shall continue to treat the Information in the manner required by the Stipulation and Protective Order.

15.     If a party inadvertently produces Information that it considers to be protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, or other applicable privilege, in whole or in part, or learns of the production of such Information by a non-party, the party may retrieve such Information as follows:

(a)     Within twenty-one (21) days of the date of discovery by a party of the inadvertent production by it or a non-party, the party asserting that an inadvertent production has occurred must give written notice to all other parties that the party claims the Information, in whole or in part, is privileged or protected material; in addition, the notice must state the nature of the privilege or protection, the basis for asserting it, and the reason the production is claimed to be inadvertent.

(b)     Upon receipt of such notice, any party who has received the produced document or material shall promptly return all copies to the party asserting inadvertent production. In the event that only part of a document is claimed to be privileged

11

or protected, the party asserting inadvertent production shall furnish to the other parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice. Any party who has received the produced documents or material may contest the claim of inadvertence in accordance with Local Civil Rule 37.1; provided, however, that should the parties' good faith efforts fail to resolve any dispute over inadvertent production, the party contesting the claim of inadvertence shall bring the matter to the Court's attention under Local Civil Rule 37.1(a)(1) within twenty-one (21) days after good faith efforts to resolve the dispute have failed. Prior to resolution of any such dispute (either by the parties or through intervention of the Court), the receiving party need not return all copies of the produced documents or material to the party asserting inadvertent production; however, the receiving party may not use or disclose the Information claimed privileged for any purpose other to challenge the privilege or protection claim.

(c)   The provisions of subparts (a) and (b) of this Paragraph are without prejudice to any other rights that any party may have with respect to challenging or defending any claim of privilege; provided, however, that no claim of waiver, estoppel, laches, or the like based on alleged delay or alleged lack of timeliness can be asserted against the party claiming inadvertent production if that party has complied with subpart (a) of this Paragraph.

16.   A party that has inadvertently produced Information without designating it as "Confidential" or "Highly Confidential" Information may at any time prior to the fact discovery

12

FROM PITNEY HARDIN KIPP &SZUCH                    (WED) 8. 28' 02 15:07/ST. 14:55/NO. 4860127573 P 15

cutoff in this action redesignate such Information as "Confidential" or "Highly Confidential."

The party receiving such redesignated "Confidential" or "Highly Confidential" Information shall make a reasonable good faith effort to ensure that any analysis, memoranda, notes, or other material that were generated based upon such Information shall immediately be treated in conformance with any such redesignation.

17.     In the event that a party produces two or more identical or substantially identical copies of a document or other Information, and any copy is designated "Confidential," or "Highly Confidential," while other copies are not so designated, all such identical or substantially identical documents or other Information shall be treated with the highest confidentiality designation once the inconsistent designation is known. The producing party shall be responsible for informing the party receiving the inconsistently designated document or other information of the inconsistent designation.

18.     All provisions of this Stipulation and Protective Order restricting the use of Information obtained during discovery shall continue to be binding after the conclusion of this action, including all appeals, until further order of the Court, unless the parties agree otherwise in writing. Any and all originals and copies of documents or other Information deemed to be "Confidential" or "Highly Confidential" shall, at the request of the producing party, be returned to the producing party at the producing party's expense, or destroyed, within one month after a final judgment and appeals herein or settlement of this action except that outside counsel for each party (whether or not counsel of record) may maintain in its files one copy of each pleading filed with the Court, and each written discovery request and written response thereto (but not confidential documents produced in response to a request for production of documents, which documents must be returned to the producing party or destroyed in accordance with the

13

procedure identified elsewhere in this Paragraph). Upon request from any party, a party who elects to destroy confidential documents in its possession will attest to the fact that such documents have been destroyed.

19.     Neither this Stipulation and Protective Order nor any party's designation of Information as "Confidential" or "Highly Confidential" shall affect the admissibility into evidence of the Information so designated.

20.     Non-parties from whom discovery is sought by the parties to this Stipulation and Protective Order may designate Information as "Confidential" or "Highly Confidential" consistent with the terms of this Stipulation and Protective Order, provided that such non-parties agree in writing to be bound by the Stipulation and Protective Order. Under such circumstances, all duties applicable to a producing party shall apply to such non-party. All obligations applicable to parties receiving such Information shall apply to any party receiving Information from such non-party. In addition, non-party AT&T Wireless shall have the same rights to receive "Confidential" and "Highly Confidential" Information as AT&T.

21.     Nothing in this Stipulation and Protective Order is intended to constitute an agreement regarding the scope of discovery.

The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Stipulation and Protective Order.

14

FROM PITNEY HARDIN KIPP &SZUCH          (WED) 8. 28' 02 15:02/ST. 14:55/NO. 4860127573 P 17

DATED:  __8/13/02__

Peter S. Pearlman (PP8416)

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP

William S. Lerach
Arthur C. Leahy
Laura M. Andracchio
Jonah H. Goldstein
Stephen P. Polapink
Stephanie Schroder
MILBERG WEISS BERSHAD
HYNES & LERACH LLP

By _____
Laura M. Andracchio
Attorneys for Plaintiffs New Hampshire
Retirement System, Robert Baker,
Mohammed Karkanawi, Mauline Coon
(f/k/a Maulins Karkanawi), International
Brotherhood of Electrical Workers Local 98,
and Secure Holdings, Inc.

DATED: _____

Roger W. Kirby
Jeffrey H. Squire
Ira M. Press
Daniel Hume
KIRBY, MCINERNEY & SQUIRE, LLP

By: _____
Daniel Hume
Attorneys for Plaintiffs The Soft Drink and
Brewery Workers Union Local 812
Retirement Fund, John Burkley, Detectives
Endowment Association Annuity Fund,
Carol F. Fisher, Gary Fruchter, Joint
Industry-Engineers Union Local 30 Pension
Fund, Laurence Metzger, Laurence
Paskowitz, Robert Robins, Ronald Scharf,
Adele Selinger, and Barnett Stepak

15

DATED: _____

Peter S. Pearlman (PP8416)

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP

William S. Lerach
Arthur C. Leahy
Laura M. Andracchio
Jonah H. Goldstein
Stephen P. Polapink
Stephanie Schroder
MILBERG WEISS BERSHAD
HYNES & LERACH LLP

By: _____
Peter S. Pearlman
Attorneys for Plaintiffs New Hampshire
Retirement System, Robert Baker,
Mohammed Karkanawi, Mauline Coos
(f/k/a Mauline Karkanawi), International
Brotherhood of Electrical Workers Local 98,
and Secure Holdings, Inc.

DATED: 8/13/02

Roger W. Kirby
Jeffrey H. Squire
Ira M. Press
Daniel Hume
KIRBY, McINERNEY & SQUIRE, LLP

By: _____
Daniel Hume
Attorneys for Plaintiffs The Soft Drink and
Brewery Workers Union Local 812
Retirement Fund, John Burkley, Detectives
Endowment Association Annuity Fund,
Carol P. Fisher, Gary Fruchter, Joint
Industry-Engineers Union Local 30 Pension
Fund, Laurence Metzger, Laurence
Paskowitz, Robert Robins, Ronald Scharf,
Adele Selinger, and Barnett Stepak

15

FROM PITNEY HARDIN KIPP &SZUCH                    (WED) 8. 28' 02 15:03/ST. 14:55/NO. 4860127573 P 19

DATED: 8/13/02

Roger W. Kirby
Jeffrey H. Squire
Ira M. Press
Daniel Hume
KIRBY McINERNEY & SQUIRE, LLP

By: _____
Daniel Hume
Attorneys for Plaintiffs Robert Cassian
Anderson and Rodney Anderson

DATED: 8/14/02

Dennis R. LaFiura (DL9943)
Richard H. Brown (RB5858)
PITNEY HARDIN KIPP & SZUCH LLP

Charles W. Douglas
David F. Graham
SIDLEY AUSTIN BROWN & WOOD

Edward R. Barillari (EB3443)
Edward A. Harris (EH0256)
AT&T CORPORATION LAW DEPT.

George T. Conway, III
WACHTELL, LIPTON, ROSEN & KATZ

By: _____
Richard H. Brown
Attorneys for Defendants AT&T Corp., C.
Michael Armstrong, Charles H. Noski, John
Zeglis, and Richard Roscitt

16

Sidley          8/28/02    2:21:  PAGE 020/20    RightFAX
FROM PITNEY HARDIN KIPP &SZUCH            (WED) 8.28' 02 15:03/ST. 14:55/NO. 4860127573 P 20

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re AT&T CORPORATION SECURITIES LITIGATION | MDL No. 1399<br>Civil Action No. 3:01cv1883 (GEB)<br>Master File No. 3:00cv05364 (GEB)<br>Civil Action No. 3:01cv2824 (GEB) |
|  | **CLASS ACTION** |
| This Document Relates to:<br><br>ALL ACTIONS. | Judge Garrett E. Brown, Jr.<br>Magistrate Judge John J. Hughes |

### EXHIBIT A TO
### STIPULATION AND PROTECTIVE ORDER

### ACKNOWLEDGMENT

I hereby attest to my understanding that confidential information or documents, materials, or information are being provided to me pursuant to the terms and conditions of the Stipulation and Protective Order executed by the parties and entered by the Court in the above-captioned litigation. I hereby attest that I have been given a copy of and have read the Stipulation and Protective Order and that I hereby agree to be bound by it and its terms. I agree that I shall not disclose to others, except in accordance with the terms of the Stipulation and Protective Order, such confidential documents, materials, or information. I further agree that the United States District Court for the District of New Jersey has jurisdiction to enforce the terms of the Stipulation and Protective Order, and I consent to jurisdiction of that Court over my person for that purpose.

If I am signing on behalf of a firm of court reporters, videographers, or litigation support vendors, I further state that I have authority to sign on behalf of my firm, and that I will make sure that all firm personnel who work on this litigation are made aware of this Stipulation and Protective Order and the firm's responsibilities hereunder.

Signature: _____

Name (type or print): <br>
Position: <br>
Firm: <br>
Address: <br>
Telephone Number: <br>
Date:

17

CHI MLM2N6

**_EXHIBIT B TO_**
**_STIPULATION AND PROTECTIVE ORDER_**

Acknowledgement of Protective Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| UNIVEST NETWORK, LLC, | : | Case No. 04-CV-9868 |
|  | : | Honorable Miriam Goldman |
| Plaintiff, | : | Cedarbaum |
|  | : |  |
| v. | : |  |
|  | : |  |
| AT&T CORPORATION, C. MICHAEL ARMSTRONG, | : |  |
| CHARLES H. NOSKI, JOHN ZEGLIS, RICHARD | : |  |
| ROSCITT, GOLDMAN, SACHS & CO., | : |  |
| MERRILL LYNCH, PIERCE, FENNER & SMITH, | : |  |
| INCORPORATED, and SALOMON SMITH BARNEY, | : |  |
| INC., | : |  |
|  | : |  |
| Defendants. | : |  |

**EXHIBIT B TO
STIPULATION AND PROTECTIVE ORDER**

**ACKNOWLEDGMENT**

I hereby attest to my understanding that confidential information or documents, materials, or information are being provided to me pursuant to the terms and conditions of the Stipulation and Protective Order executed by the parties and entered by the Court in the above-captioned litigation. I hereby attest that I have been given a copy of and have read the Stipulation and Protective Order and that I hereby agree to be bound by it and its terms. I agree that I shall not disclose to others, except in accordance with the terms of the Stipulation and Protective Order, such confidential documents, materials, or information. I further agree that the United States District Court for the Southern District of New York has jurisdiction to enforce the terms of the Stipulation and Protective Order, and I consent to jurisdiction of that Court over my person for that purpose.

If I am signing on behalf of a firm of court reporters, videographers, or litigation support vendors, I further state that I have authority to sign on behalf of my firm, and that I will make sure that all firm personnel who work on this litigation are made aware of this Stipulation and Protective Order and the firm's responsibilities hereunder.

Signature: _____

Name (type or print):
Position:
Firm:
Address:

Telephone Number:
Date: